



**EXHIBIT**

A

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Lisa White

_____
Plaintiff

vs.

Case Number **13 - 0 0 0 5 4 9 1**

Four Seasons Hotels and Resorts

_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brandon Jamison + David Sanford
_____
Name of Plaintiff's Attorney

1666 Connecticut Ave. NW, Ste 300
_____
Address
Washington, DC 20009
_____
202-499-5221
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 08/12/2013

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화하십시오     የትርጉም እርዳታ ካስፈለገዎ በ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**SUPERIOR COURT FOR THE
DISTRICT OF COLUMBIA
Civil Division**

FILED
CIVIL ACTIONS BRANCH

AUG 1 2 2013

Superior Court of the
District of Columbia
Washington, D.C.

|  |  |  |
|---|---|---|
| **LISA WHITE** | ) | |
| 42771 Glenside Drive | ) | |
| Brambleton, VA 20148 | ) | |
| (703) 327-9797 | ) | |
|  | ) | |
| **Plaintiff,** | ) | Civil Action No. |
|  | ) | **13 - 0 0 0 5 4 9 1** |
| v. | ) | **COMPLAINT** |
|  | ) | |
| **FOUR SEASONS Hotels and Resorts** | ) | **Jury Trial Demanded** |
| 2800 Pennsylvania Ave., NW | ) | |
| Washington, DC 20007 | ) | |
| (202) 342-0444 | ) | |
|  | ) | |
| **Defendant.** | ) | |
|  | ) | |

## OVERVIEW

1.      Plaintiff Lisa White ("Plaintiff" or "Ms. White") is an African American female

employee of Defendant Four Seasons Hotels and Resorts ("Defendant" or "Four Seasons" or "the

Hotel"). Ms. White has worked as an esthetician for the Hotel's Spa since approximately September

2007.

2.      Ms. White excelled at her work, becoming Four Seasons' top earning esthetician and

creating the Hotel's Spa's most expensive treatment, the Gold and Diamond facial, which continues to

bring considerable revenue to the Hotel to this day.

3.      Despite Ms. White's consistently impressive performance, Four Seasons

discriminated against her on the basis of her race and pregnancy status by delaying and denying

her promotional opportunities, refusing to properly apply its seniority booking policy to her, and

subjecting her to disparate discipline and incessant harassment.

1


Case: 2013 CA 005491 B
00045263465
Dkt: CABED

4.      Ms. White reported Four Seasons' discrimination to the Hotel's Human Resources department ("HR") on numerous occasions.  Instead of appropriately handling Ms. White's complaints, Four Seasons responded by retaliating against Ms. White.

5.      Ms. White suffered and continues to suffer substantial economic harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, and other financial loss.  Four Seasons' treatment of Ms. White also resulted in continuous and escalating emotional trauma, humiliation and embarrassment.

6.      The situation only worsened after Ms. White discovered that years of fertility treatments had resulted in her pregnancy.  When Ms. White informed her employer that she was pregnant in April 2012, Four Seasons escalated its campaign of disparate treatment and harassment against her, rendering her work environment so stressful that she was unable to work on multiple occasions from June 2012 forward due to medically-unexplained pregnancy complications and other symptoms of acute stress.

7.      In August 2012, approximately five months into Ms. White's pregnancy, Four Seasons summoned Ms. White into a meeting with management where she was falsely accused of intimidating a co-worker.  Four days later she was admitted to Loudon Hospital with pregnancy complications resulting from Four Seasons' harassment.  Two weeks later, more than twenty weeks into her pregnancy, Ms. White lost her baby.

8.      Four Seasons' wanton and callous discriminatory treatment has left Ms. White with extensive emotional scars.  She now brings this action in an attempt to bring closure to this hurtful chapter in her life and to discourage Four Seasons from subjecting others to similar conduct in the future.

9.      Ms. White brings this action against Four Seasons to redress deprivation of rights secured by the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 et seq.

("DCHRA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981").

## JURISDICTION AND VENUE

10.     This Court has subject-matter jurisdiction over Ms. White's DCHRA claims pursuant to D.C. Code § 11-921 and concurrent jurisdiction over Ms. White's Title VII and § 1981 claims, as neither statute affirmatively divests this court of subject-matter jurisdiction. *See Yellow Freight Sys. v. Donnelly*, 494 U.S. 820, 823 (U.S. 1990).

11.     This Court may exercise personal jurisdiction over Four Seasons pursuant to D.C. Code § 13-423, as Four Seasons transacts business in the District of Columbia.

12.     Venue is proper in the District of Columbia because Four Seasons conducts substantial business in the District of Columbia and because Ms. White was an employee of Four Seasons in the District of Columbia where the unlawful employment practices were committed.

## THE PARTIES

13.     Plaintiff **Lisa White** is an African-American female currently residing at 42771 Glenside Drive, Brambleton, VA 20148.   Four Seasons hired Ms. White in September 2007.   In August 2012, after enduring years of discrimination and harassment, Ms. White took a disability leave of absence from Four Seasons in order to deal with the emotional trauma caused by Four Seasons' discrimination and harassment—stress from which resulted in the loss of her pregnancy at more than five months in August 2012. Ms. White remains on disability leave to this day. Ms. White has, at all relevant times, been an eligible employee of Four Seasons under Title VII, § 1981 and the DCHRA.

14.     Defendant **Four Seasons** is a hotel with over 35,000 employees in 36 countries. Four Seasons has a principal place of business at 2800 Pennsylvania Avenue, NW, Washington, DC 20007 and is an employer within the meaning of Title VII, § 1981 and the DCHRA.

### PROCEDURAL HISTORY

15.     In August 2012, Ms. White filed a Charge of discrimination with the EEOC and cross-filed the Charge with the D.C. Office of Human Rights, alleging that Four Seasons discriminated against her and subjected her to a hostile work environment on the basis of, *inter alia*, her race and pregnancy, and that the Hotel retaliated against her for complaining about the illegal discrimination and harassment to which she was subjected.  Ms. White pointed to the Hotel's discriminatory application of its seniority booking policy, unchecked harassment from her colleagues, disparate discipline, and unequal terms and conditions of employment as examples of the discrimination and retaliation to which she was subjected.

16.     On June 19, 2013, the EEOC issued Ms. White a Notice of Right to Sue on these claims.

### FACTS

### I.     MS. WHITE'S PERFORMANCE AT FOUR SEASONS

17.     Ms. White's job performance at Four Seasons' Spa was impressive, as was her commitment to providing quality service to the Spa's customers.  After one year of employment, Ms. White became Four Seasons' top earning esthetician, fostering a loyal clientele of high-paying customers.

18.     Seeking to increase revenues for her employer, Ms. White developed the Hotel's most expensive treatment, the Gold and Diamond facial, an approximately $450 treatment that continues to bring considerable revenue to the Hotel to this day.  In recognition of Ms. White's

dependability and positive contributions to the Spa, HR Director Stacey Coppel ("HR Director Coppel") selected Ms. White to obtain the Designated Manager license that the Spa required in order to perform facials and other esthetic treatments.  Ms. White agreed to obtain the license and she holds it to this day.

## II.   FOUR SEASONS DELAYED AND DENIED MS. WHITE PROMOTIONS ON THE BASIS OF HER RACE

19.     In July 2008, after one year of employment as a part-time esthetician in the Hotel's Spa, Ms. White successfully completed the minimum hour requirement to advance from part-time to full-time employee.

20.     In or around November 2008, following the recommendation of her Supervisor Brian Simon ("Supervisor Simon"), Ms. White sought to apply for a promotion to Lead Therapist at the Spa.  After Ms. White expressed interest in the position but before she submitted her formal application, Four Seasons offered the position to Lance Etchinson, a white male from outside of the company.  Although, Mr. Etchinson subsequently turned down the position, Ms. White was never informed of this development, nor was she told that she would not be getting the position.  Instead, Four Seasons' Planning Committee withdrew the vacancy on the pretext that there was no longer a need to fill the position.  Nevertheless, approximately one year later, Four Seasons filled the position with another white male from outside of the company, Carl Kempermann.

21.     In December 2009, Supervisor Simon once again encouraged Ms. White to apply for a promotion to Lead Esthetician.  After Ms. White applied for the position, Acting HR Director Jacquie Lyon ("Acting HR Director Lyon") informed Ms. White that, despite being provided an application from Supervisor Simon for the Lead Esthetician position, the position was not actually available because the necessary funds were not in the budget to fill the position.  In addition, Acting HR Director Lyon said that Supervisor Simon did not have the authority to

offer the position to Ms. White.  Four Seasons later claimed that the position was never available

and that there were never any plans to fill the position.

### III.  FOUR SEASONS DISCRIMINATED AND RETALIATED AGAINST MS. WHITE BY FAILING TO APPLY ITS SENIORITY BOOKING POLICY TO HER

22.     From the start of Ms. White's employment at Four Seasons, the Hotel employed a

booking policy whereby senior, full-time employees received priority in the assignment of

appointments.  When Ms. White became the only full-time black esthetician at the Spa in July

2008, Four Seasons singled her out on the basis of her race for exclusion from its standard

booking policy, failing to apply it to her on numerous occasions.  Instead, in direct contravention

of the policy, Ms. White's part-time, white colleagues, Joanne Fleming ("Ms. Fleming") and

Laura Hatala ("Ms. Hatala"), regularly received priority over Ms. White, causing Ms. White

economic harm by denying her compensation and gratuities that she would have received had the

policy been fairly applied.

23.     Four Seasons' management was well aware of the unfair application of the

Hotel's booking policy.  Supervisor Stephen Ellis ("Supervisor Ellis") and HR Director Coppel

discovered that Ms. Fleming was pressuring spa receptionists to move clients from Ms. White's

schedule to hers.  Nevertheless, Four Seasons management took no effective steps to prevent the

continuation of that practice.

24.     Management's failure to address practices that disfavored Ms. White significantly

lowered Ms. White's earnings, as her compensation was directly tied to the number of

appointments she received and the products she sold to her clients following their appointments.

25.     When Ms. White discovered in July 2008 that she was being unfairly denied

appointments in favor of her less senior, non-African American coworkers, she complained to

Supervisor Simon about the Hotel's unfair application of the booking policy.

26.     Ms. White continued to find herself passed over for appointments in favor of her

junior, white colleagues.

27.     Contrary to Company policy, Four Seasons permitted Natasha Frolich, a receptionist and a colleague of Ms. White, to ring up product purchases from clients for which Ms. White should have received credit.

28.     In November 2009, Ms. White elevated her complaints regarding the application of the booking policy to Acting HR Director Lyon.

29.     Four Seasons, nonetheless, continued to marginalize Ms. White by denying her booking preference to which she was entitled under Hotel policy.

30.     On May 10, 2010, Ms. White filed a formal complaint of discrimination with HR Director Coppel through "C.A.R.E.", the Hotel's internal resolution process.  In her complaint, Ms. White described in detail, *inter alia,* the discriminatory denial of promotional opportunities and the hostile work environment to which she was subjected at the Spa.

31.     HR Director Coppel responded to Ms. White's complaint in a letter dated May 25, 2010. She acknowledged that Four Seasons employees had committed several errors in booking appointments for Ms. White, that the allocation of credit for product sales had been erroneously attributed to Ms. White's non-African American employees, and that Four Seasons inappropriately handled the first of Ms. White's promotion applications.

32.     HR Director Coppel blamed Supervisor Simon for most of Ms. White's complaints and informed Ms. White that Supervisor Simon was no longer with the Hotel. Following Ms. White's C.A.R.E. complaint and the departure of Supervisor Simon, Four Seasons retaliated against Ms. White by furthering its targeted application of its booking policy to Ms. White.

33.     As a result, on March 9, 2011, Ms. White filed another complaint of discrimination with HR Director Coppel.  HR Director Coppel's subsequent investigation found

that CORE agents, Four Seasons' employees charged with booking appointments, failed to adhere to Four Seasons' procedures and that as a consequence of this failure there were multiple instances in which an appointment that should have gone to Ms. White went to a more junior, non-African American esthetician.

34.     On May 11, 2012, Ms. White learned that her lunch break for May 19 had been moved up from 3:00 pm to 2:30 pm to create the appearance of a time conflict, resulting in the loss of a 2:00 pm facial to a part-time, white esthetician, Lori Oxendine ("Ms. Oxendine"). After Ms. White brought the issue to the attention of Supervisor Carolina Baldi ("Supervisor Baldi"), HR conducted an investigation which revealed only that Ms. White's lunch break was moved by an "unidentified" Spa employee. No other explanation was provided for the lost appointment and nothing was done to ensure that Ms. White received appropriate priority for appointments moving forward.

### IV.     FOUR SEASONS CONTINUES TO RETALIATE AGAINST MS. WHITE FOR VOICING CONCERNS ABOUT DISCRIMINATION AND SUBJECTS HER TO A RACIALLY HOSTILE WORK ENVIRONMENT

35.     Ms. White's non-African American coworkers deliberately attempted to sabotage Ms. White's performance and reputation. Four Seasons' management, for its part, acquiesced in the mistreatment to which Ms. White was subjected and failed to take any action to protect Ms. White from additional harassment.

36.     For example, on one occasion in 2008, without notice to Ms. White, Ms. Fleming emptied Ms. White's bottle of lavender mist and replaced it with alcohol.

37.     Ms. White reported Ms. Fleming's action to management. However, Four Seasons ignored Ms. White's complaint and did not investigate the matter.

38.     Similarly, in October 2009, Ms. White complained that Ms. Fleming had sabotaged an oxygen machine that was necessary for several of Ms. White's appointments. The

Four Seasons did not take action.

39.     Similarly, in January 2012, Ms. Hatala sought to discredit Ms. White's professional reputation by playing into a demeaning racial stereotype. Specifically, in a business meeting, Ms. Hatala told a prospective vendor that it should be wary of Ms. White because she was liable to walk off with one of the vendor's products in her purse. Although Ms. White complained about the racist comment to HR, Ms. Hatala was not reprimanded.

40.     In 2010, Four Seasons falsely portrayed Ms. Hatala as the inventor of the Gold and Diamond facial created by Ms. White. The incident was an example of Four Seasons prohibiting Ms. White from participating in select Spa activities, such as advertisements and marketing campaigns in favor of her white colleagues. Specifically, in March 2010, Supervisor Simon arranged an advertisement for the Spa's high-performing Gold and Diamond facial in Capitol File Magazine. Rather than feature Ms. White, the creator of the facial, Supervisor Simon selected Ms. White's white coworker, Ms. Hatala, for the lead role in the advertisement, notwithstanding Ms. Hatala's inability to competently perform the service. Supervisor Simon refused to acknowledge Ms. White's creation of the treatment anywhere in the advertisement, and Four Seasons never contacted Ms. White to participate in the Gold and Diamond facial advertisement.

41.     In another instance, in April 2012, Ms. White discovered that her work space had been vandalized. Upon information and belief, Ms. Oxendine, a white co-worker who had expressed her intent to usurp Ms. White's position as the Spa's top earning esthetician, and who was also the only person besides Ms. White with access to the room, was responsible. Ms. White complained to HR Director Coppel; however, HR once again failed to act effectively to address Ms. White's concerns.

V.   **FOUR SEASONS SUBJECTS MS. WHITE TO DISPARATE TREATMENT AND HARASSMENT ON THE BASIS OF HER RACE AND PREGNANCY RESULTING IN SEVERE EMOTIONAL INJURY AND THE LOSS OF HER PREGNANCY**

42.   In approximately April 2012, after attempting to have a baby for more than five years, Ms. White conceived with her husband through in vitro fertilization. Ms. White promptly notified Four Seasons of her pregnancy, as she would need to modify her schedule on occasion to account for obstetrician appointments and other medical needs.

43.   Beginning in June 2012, Ms. White's new supervisor, Supervisor Baldi, sought to prevent Ms. White from learning the particulars of her schedule and from keeping her appointments.

44.   Ms. White promptly filed a complaint against Supervisor Baldi on June 22, 2012.

45.   Later that same day, as a result of the increased stress that flowed from Four Seasons' discriminatory conduct, Ms. White experienced a pregnancy-related hemorrhage. Before going to the Emergency Room of George Washington University Hospital (the "ER"), Ms. White alerted Supervisor Baldi of her medical emergency. Supervisor Baldi told Ms. White to follow up regarding her condition and availability for work the next day, or to leave a message if she could be not be reached, and Supervisor Baldi would return her call. While at the ER, Ms. White called Supervisor Baldi and explained that she would contact Supervisor Baldi that evening with additional information on whether she was cleared to return to work. Supervisor Baldi instructed Ms. White to leave a message with the receptionist if she was unable to reach her.

46.   Later that evening, as promised, Ms. White called Supervisor Baldi several times to inform her that she was cleared to return to work the next day. Supervisor Baldi did not answer or return Ms. White's calls. Finally, Ms. White called and spoke with the on-duty receptionist, Emanuel. Emanuel notified Ms. White that her appointments for the following day

had been reassigned to Beata, a white esthetician employed by a *competitor's* spa, Bliss Spa at the W Hotel.

47.    After speaking with Emanuel, Ms. White called the Night Manager, Nitesh Pradhan ("Night Manager Pradhan"), to find out why her schedule had been changed without notice.  Night Manager Pradhan indicated he would contact someone by email to get an answer. After not receiving any follow up from Night Manager Pradhan, Ms. White contacted him again, but he still did not have an answer.   Ms. White expressed frustration with the Company's conduct and lack of communication, and filed a complaint with General Manager Christian Clerc ("GM Clerc").

48.    The next morning on Saturday June 23, 2012, Spa Manager Julia Boeminghaus ("Manager Boeminghaus") left Ms. White a voice message informing her that the Hotel was opening an investigation against *Ms. White* and that she was suspended from work because of a complaint filed against her by Night Manager Pradhan.  Manager Boeminghaus told Ms. White she "got too specific with the night manager," that "he didn't need to know [she was] in the ER and that [she was] pregnant," and that "it was too much information."

49.    Shortly thereafter, pursuant to her doctor's recommendation, Ms. White was placed on intermittent bed rest due to her pregnancy complications.   As a result, her work schedule was altered from full-time to part-time.

50.    In July 2012, on one of Ms. White's prescribed days off, HR Director Coppel told Ms. White of her investigative findings.  HR Director Coppel alleged that Ms. White had been "rude and condescending" to Night Manager Pradhan during their telephone conversations on June 22, 2012.  When Ms. White asked for specific examples of her supposedly inappropriate conduct, HR Director Coppel could not provide any.

51.    On August 12, 2012, Ms. White became the target of another false complaint.  On

this occasion, Supervisor Baldi brought Ms. White to Hotel Manager Evette Thomas ("Manager Thomas"). The two Four Seasons managers then interrogated Ms. White regarding allegations that she had raised her hand in a threatening manner to another colleague.  Manager Thomas warned Ms. White that the allegations were very serious.

52.    Ms. White denied the allegations and explained that she and the co-worker had a cordial relationship.  Ms. White was unable to complete the meeting and she went home emotionally distraught at the manner in which Four Seasons was handling the allegations against her.

53.    Following this confrontation, Ms. White found herself unable to return to the hostile work environment at Four Seasons.  As a result of her acute work-related stress, Ms. White went on short-term disability leave ("STD").

54.    On August 16, 2012, four days after being falsely accused and interrogated by Four Seasons management, Ms. White went into premature labor and was admitted to Loudon Hospital.  Two weeks later, more than five months into her pregnancy, Ms. White lost her baby as a result of stress stemming from Four Season's history of discrimination, retaliation, harassment and a hostile work environment.

55.    As a result of Four Seasons' actions and callous disregard for Ms. White's well-being, Ms. White struggles with severe depression, anxiety and insomnia to this day. She continues to have severe panic attacks and often breaks down into tears.  She has not been able to resume regular hours of sleep and sustain normal eating habits, nor has she been able to return to work.  Ms. White receives psychotherapy once to twice a week and takes antidepressants.

56.    The emotional distress that Ms. White has suffered from culminated in the loss of her pregnancy and she remains on leave due to that stress, unable to resume normal work activity at the recommendation of her doctors.

## COUNT I
## VIOLATION OF TITLE VII OF
## THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII") -
## PAY DISCRIMINATION

57. Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

58. Defendant Four Seasons has discriminated against Ms. White in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), by subjecting her to different treatment on the basis of her race.

59. Defendant has discriminated against Ms. White by subjecting her to discriminatory pay (e.g., intentionally assigning appointments to which Ms. White was entitled to less-senior, part-time white colleagues in contravention of the Hotel's seniority booking policy, costing Ms. White commissions, gratuity and/or other forms of compensation).

60. Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

61. As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

62. By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of Title VII, including an award of punitive damages.

63. Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

**COUNT II**
**VIOLATION OF TITLE VII OF**
**THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII") -**
**PROMOTION DISCRIMINATION**

64.    Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

65.    Defendant Four Seasons has discriminated against Ms. White in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), by subjecting her to different treatment on the basis of her race.

66.    Defendant has discriminated against Ms. White by subjecting her to discriminatory denials of promotions to Lead Therapist and Lead Esthetician positions.

67.    Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

68.    As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

69.    By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of Title VII, including an award of punitive damages.

70.    Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

**COUNT III**
**VIOLATION OF TITLE VII OF**
**THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII") -**
**DISPARATE DISCIPLINE**

71.    Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

72.     Defendant Four Seasons has discriminated against Ms. White in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), by subjecting her to different treatment on the basis of her race.

73.     Defendant has discriminated against Ms. White by subjecting her to disparate discipline (i.e., intentionally ignoring and discounting Ms. White's legitimate complaints against her white colleagues, while investigating and taking action against Ms. White in response to spurious allegations).

74.     Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

75.     As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost future employment opportunities, financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

76.     By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of Title VII, including an award of punitive damages.

77.     Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

## COUNT IV
## VIOLATION OF TITLE VII OF
## THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII") -
## RACIALLY HOSTILE WORK ENVIRONMENT

78.     Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

79.     Defendant Four Seasons has subjected Ms. White to a racially hostile work environment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), by *inter alia* denying her pay and

promotions, marginalizing her role at the Hotel and subjecting her to harassment and disparate

discipline, all on the basis of her race.

80.  Defendant denied Ms. White the personal right to work in an environment free of

racial discrimination.

81.  Defendant's racially discriminatory practices were sufficiently severe or

pervasive to create an environment that was both subjectively and objectively hostile and

abusive, and Defendant tolerated, condoned, ratified and/or engaged in the hostile work

environment, or , in the alternative, knew, or should have known, of its existence and failed to

take remedial action.

82.  Defendant's conduct has been intentional, deliberate, willful, malicious and

reckless, and conducted in callous disregard of the rights of Ms. White.

83.  As a result of Defendant's conduct, Ms. White has suffered and continues to

suffer harm, including, but not limited to non-economic damages, such as damages related to

emotional distress, humiliation and embarrassment.

84.  By reason of Defendant's discrimination, Ms. White is entitled to all remedies

available for violations of Title VII, including an award of punitive damages.

85.  Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

### COUNT V
### VIOLATION OF TITLE VII OF
### THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII") -
### RETALIATION

86.  Ms. White re-alleges and incorporates by reference each and every allegation

contained in each and every aforementioned paragraph as though fully set forth herein.

87.  Defendant Four Seasons has retaliated against Ms. White in violation of Title VII

of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*., as amended by the Civil Rights Act of 1991

("Title VII"), by subjecting her to adverse employment actions, including a discriminatory

booking policy, denials of promotions, harassment, a hostile work environment and disparate discipline because she filed internal complaints and a EEOC Charge challenging Four Seasons' discriminatory conduct.

88.     Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

89.     As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

90.     By reason of Defendant's retaliation, Ms. White is entitled to all remedies available for violations of Title VII, including an award of punitive damages.

91.     Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

## COUNT VI
## VIOLATION OF TITLE VII OF
## THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII") -
## PREGNANCY DISCRIMINATION

92.     Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

93.     Defendant Four Seasons has discriminated against Ms. White in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), by subjecting her to different treatment on the basis of her pregnancy.

94.     Defendant has discriminated against Ms. White by treating her differently from and less preferably than similarly-situated male employees and non-pregnant female employees, by subjecting her to differential and substandard terms and conditions of employment, including, but not limited to, discriminatory denial of fair compensation (e.g., discriminatory application of the Hotel's seniority booking policy), disparate discipline and harassment.

95.     Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

96.     As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost future employment opportunities, financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

97.     By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of Title VII, including an award of punitive damages.

98.     Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

## COUNT VII
### VIOLATION OF 42 U.S.C. § 1981
### PAY DISCRIMINATION

99.     Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

100.    Defendant Four Seasons has discriminated against Ms. White in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), by subjecting her to different treatment on the basis of her race.

101.    Defendant has discriminated against Ms. White by subjecting her to discriminatory pay (e.g., intentionally assigning appointments to which Ms. White was entitled to less-senior, part-time white colleagues in contravention of the Hotel's seniority booking policy, costing Ms. White commissions, gratuity and/or other forms of compensation).

102.    Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

103.    As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment

opportunities, other financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

104.    By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of § 1981, including an award of punitive damages.

105.    Attorneys' fees should be awarded under 42 U.S.C. § 1988(b).

**COUNT VIII**
**VIOLATION OF 42 U.S.C. § 1981**
**PROMOTION DISCRIMINATION**

106.    Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

107.    Defendant Four Seasons has discriminated against Ms. White in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), by subjecting her to different treatment on the basis of her race.

108.    Defendant has discriminated against Ms. White by subjecting her to discriminatory denials of promotions to Lead Therapist and Lead Esthetician positions.

109.    Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

110.    As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

111.    By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of § 1981, including an award of punitive damages.

112.    Attorneys' fees should be awarded under 42 U.S.C. § 1988(b).

## COUNT IX
### VIOLATION OF 42 U.S.C. § 1981
### DISPARATE DISCIPLINE

113.    Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

114.    Defendant Four Seasons has discriminated against Ms. White in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), by subjecting her to different treatment on the basis of her race.

115.    Defendant has discriminated against Ms. White by subjecting her to disparate discipline (i.e., intentionally ignoring and discounting Ms. White's legitimate complaints against her white colleagues, while investigating and taking action against Ms. White in response to spurious allegations).

116.    Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

117.    As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost future employment opportunities, financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

118.    By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of § 1981, including an award of punitive damages.

119.    Attorneys' fees should be awarded under 42 U.S.C. § 1988(b).

## COUNT X
### VIOLATION OF 42 U.S.C. § 1981
### HOSTILE WORK ENVIRONMENT

120.    Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

121.    Defendant Four Seasons has subjected Ms. White to a racially hostile work environment in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), by *inter alia* denying her pay and promotions, marginalizing her role at the Hotel and subjecting her to harassment and disparate discipline, all on the basis of her race.

122.    Defendant denied Ms. White the personal right to work in an environment free of racial discrimination.

123.    Defendant's racially discriminatory practices were sufficiently severe or pervasive to create an environment that was both subjectively and objectively hostile and abusive, and Defendant tolerated, condoned, ratified and/or engaged in the hostile work environment, or , in the alternative, knew, or should have known, of its existence and failed to take remedial action.

124.    Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

125.    As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

126.    By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of § 1981, including an award of punitive damages.

127.    Attorneys' fees should be awarded under 42 U.S.C. § 1988(b).

## COUNT XI
## VIOLATION OF 42 U.S.C. § 1981
## RETALIATION

128.    Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

129.    Defendant Four Seasons has retaliated against Ms. White in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), by subjecting her to adverse employment actions, including a discriminatory booking policy, denials of promotions, harassment, a hostile work environment and disparate discipline because she filed internal complaints and a EEOC Charge challenging Four Seasons' discriminatory conduct.

130.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Ms. White.

131.    As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

132.    By reason of Defendant's retaliation, Ms. White is entitled to all remedies available for violations of § 1981, including an award of punitive damages.

133.    Attorneys' fees should be awarded under 42 U.S.C. § 1988(b).

**COUNT XII**
**VIOLATION OF DISTRICT OF COLUMBIA**
**HUMANS RIGHTS ACT ("DCHRA")**
**PAY DISCRIMINATION**

134.    Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

135.    Defendant Four Seasons has discriminated against Ms. White in violation of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 et seq. ("DCHRA"), by subjecting her to different treatment on the basis of her race.

136.    Defendant has discriminated against Ms. White by subjecting her to discriminatory pay (e.g., intentionally assigning appointments to which Ms. White was entitled

to less-senior, part-time white colleagues in contravention of the Hotel's seniority booking policy, costing Ms. White commissions, gratuity and/or other forms of compensation).

137.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Ms. White.

138.    As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

139.    By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of the DCHRA, including an award of punitive damages.

140.    Attorneys' fees should be awarded under D.C. Code § 2-1403.13.

**COUNT XIII**
**VIOLATION OF DISTRICT OF COLUMBIA**
**HUMANS RIGHTS ACT ("DCHRA")**
**PROMOTION DISCRIMINATION**

141.    Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

142.    Defendant Four Seasons has discriminated against Ms. White in violation of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 et seq. ("DCHRA"), by subjecting her to different treatment on the basis of her race.

143.    Defendant has discriminated against Ms. White by subjecting her to discriminatory denials of promotions to Lead Therapist and Lead Esthetician positions.

144.    Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

145.    As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment

opportunities, other financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

146.   By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of the DCHRA, including an award of punitive damages.

147.   Attorneys' fees should be awarded under D.C. Code § 2-1403.13.

**COUNT XIV**
**VIOLATION OF DISTRICT OF COLUMBIA**
**HUMANS RIGHTS ACT ("DCHRA")**
**DISPARATE DISCIPLINE**

148.   Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

149.   Defendant Four Seasons has discriminated against Ms. White in violation of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 et seq. ("DCHRA"), by subjecting her to different treatment on the basis of her race.

150.   Defendant has discriminated against Ms. White by subjecting her to disparate discipline (i.e., intentionally ignoring and discounting Ms. White's legitimate complaints against her white colleagues, while investigating and taking action against Ms. White in response to spurious allegations).

151.   Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

152.   As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost future employment opportunities, financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

153.   By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of the DCHRA, including an award of punitive damages.

154.    Attorneys' fees should be awarded under D.C. Code § 2-1403.13.

**COUNT XV**
**VIOLATION OF DISTRICT OF COLUMBIA**
**HUMANS RIGHTS ACT ("DCHRA")**
**HOSTILE WORK ENVIRONMENT**

155.    Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

156.    Defendant Four Seasons has subjected Ms. White to a racially hostile work environment in violation of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 et seq. ("DCHRA"), by *inter alia* denying her pay and promotions, marginalizing her role at the Hotel and subjecting her to harassment and disparate discipline, all on the basis of her race.

157.    Defendant denied Ms. White the personal right to work in an environment free of racial discrimination.

158.    Defendant's racially discriminatory practices were sufficiently severe or pervasive to create an environment that was both subjectively and objectively hostile and abusive, and Defendant tolerated, condoned, ratified and/or engaged in the hostile work environment, or , in the alternative, knew, or should have known, of its existence and failed to take remedial action.

159.    Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

160.    As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

161.    By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of the DCHRA, including an award of punitive damages.

162.     Attorneys' fees should be awarded under D.C. Code § 2-1403.13.

## COUNT XVI
### VIOLATION OF DISTRICT OF COLUMBIA
### HUMANS RIGHTS ACT ("DCHRA")
### RETALIATION

163.     Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

164.     Defendant Four Seasons has retaliated against Ms. White in violation of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 et seq. ("DCHRA"), by subjecting her to adverse employment actions, including a discriminatory booking policy, denials of promotions, harassment, a hostile work environment and disparate discipline because she filed internal complaints and a EEOC Charge challenging Four Seasons' discriminatory conduct.

165.     Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

166.     As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

167.     By reason of Defendant's retaliation, Ms. White is entitled to all remedies available for violations of the DCHRA, including an award of punitive damages.

168.     Attorneys' fees should be awarded under D.C. Code § 2-1403.13.

**COUNT XVII**
**VIOLATION OF DISTRICT OF COLUMBIA**
**HUMANS RIGHTS ACT ("DCHRA")**
**PREGNANCY DISCRIMINATION**

169.     Ms. White re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

170.     Defendant Four Seasons has discriminated against Ms. White in violation of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 et seq. ("DCHRA"), by subjecting her to different treatment on the basis of her pregnancy.

171.     Defendant has discriminated against Ms. White by treating her differently from and less preferably than similarly-situated male employees and non-pregnant female employees, by subjecting her to differential and substandard terms and conditions of employment, including, but not limited to, discriminatory denial of fair compensation (e.g., discriminatory application of the Hotel's seniority booking policy), disparate discipline and harassment.

172.     Defendant's conduct has been intentional, deliberate, willful, malicious and reckless, and conducted in callous disregard of the rights of Ms. White.

173.     As a result of Defendant's conduct, Ms. White has suffered and continues to suffer harm, including, but not limited to, lost future employment opportunities, financial loss, and non-economic damages, such as damages related to emotional distress, humiliation and embarrassment.

174.     By reason of Defendant's discrimination, Ms. White is entitled to all remedies available for violations of the DCHRA, including an award of punitive damages.

175.     Attorneys' fees should be awarded under D.C. Code § 2-1403.13.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests legal and equitable relief including:

a.     A declaratory judgment that Defendant Four Seasons employment practices challenged herein are illegal and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.*; and the Civil Rights Act of 1866, 42 U.S.C. § 1981;

b.     Nominal damages;

c.     Compensatory and punitive damages in the amount of five million dollars;

d.     An award of back pay, front pay, lost benefits, and other damages for lost compensation and job benefits;

e.     Prejudgment and postjudgment interest;

f.     An award of litigation costs and expenses, including reasonable attorney's fees and costs; and

g.     Any other relief this Court finds just or appropriate.


DATE: August 12, 2013                     Respectfully submitted,

_____
David Sanford, D.C. Bar No. 457933
Brandon Jamison, D.C. Bar No. 980043
**SANFORD HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5200
Facsimile: (202) 499-5199
dsanford@sanfordheisler.com
bjamison@sanfordheisler.com

*Counsel for Plaintiff*